UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cheryl Prasol,

    Plaintiff,                                             Case No. 09-10248

v.                                                    Honorable Sean F. Cox

Cattron-Theimeg, Inc., *et al.*

    Defendants.
_____/

## OPINION & ORDER REGARDING MOTIONS IN LIMINE

Plaintiff Cheryl Prasol brought this product liability action against Defendant for an injury allegedly caused by the defective design of a crane remote control. Defendant Cattron-Theimeg, Inc. ("Cattron" or "Defendant") is the successor in liability to other related manufacturers of remote controls for the operation of overhead cranes. Trial on this matter began on June 28, 2011. The matter is currently before the Court on Plaintiff's motions in limine (Doc. No. 38) and Defendant's motions in limine (Doc. Nos. 35, 36, 37). The parties have fully briefed the issues and the Court heard oral argument on June 28, 2011.[1] For the reasons set forth below, and consistent with the Court's rulings from the bench on June 28, 2011, the Court shall:

•     Dismiss as moot Plaintiff's motion in limine regarding any questions, comment, or argument regarding "secondary gain," "symptom magnification," and "malingering;"

•     Dismiss as moot Plaintiff's motion in limine regarding any comments or statements of other injuries;

---

[1] Plaintiff's counsel also filed a motion in limine regarding any question or comment about prior instances of the remote control not functioning properly. As discussed below, and as reflected on the record, Plaintiff's counsel withdrew this motion at the hearing.

- Grant in part, and deny in part, Plaintiff's motion in limine regarding any reference to collateral sources;

- Dismiss as moot Plaintiff's motion in limine regarding any question or comment about Plaintiff's positive test for opiates at the hospital;

- Grant in part, and defer judgment in part on Defendant's motion in limine regarding testimony, argument and evidence of *Michael Gerhardt v. Cattron-Theimeg*;

- Grant Defendant's motion in limine regarding Cattron-Theimeg documents; and

- Deny without prejudice Defendant's motion in limine regarding the testimony of Plaintiff's expert, Kenneth Blundell.

## I.     Plaintiff's Motions In Limine

### A.     Secondary Gain/Malingering

Plaintiff seeks to exclude questions, comments, statements or arguments about "secondary gain," "symptom magnification," and "malingering." Plaintiff asserts that no medical opinion exists to establish a foundation or causal link for such testimony, and that these comments are irrelevant for the purposes of determining the extent of Plaintiffs' injuries. Plaintiff further states that "[s]tatements about unidentified people with unidentified injuries and complaints are irrelevant to prove the nature and extent of Plaintiff's injuries."

As stated on the record, Defendant agrees not to introduce evidence or illicit statements regarding "secondary gain," "symptom magnification," and "malingering." Accordingly, Plaintiff's Motion in Limine, to the extent that it relates to questions, comments, statements or arguments about "secondary gain," "symptom magnification," and "malingering," is dismissed as moot.

### B.     Other Injuries

Plaintiff seeks to preclude any "comment, statement, innuendo, argument or other

2

implication that Plaintiff injured her back and lower extremities anywhere other than work on November 16, 2006." (Plf's Br. at 2). As stated on the record, Defendant agrees not to introduce evidence or illicit statements regarding any of Plaintiff's injuries that are unrelated to Plaintiff's November 16, 2006 accident. Accordingly, Plaintiff's Motion in Limine regarding statements or comments of injuries Plaintiff may have endured anywhere other than work on November 16, 2006, is dismissed as moot.

### C. Collateral Sources

Plaintiff is currently receiving benefits from collateral sources, such as workers compensation benefits, and disability benefits through the United States Railroad Retirement Board and/or Social Security Administration. Plaintiff seeks to exclude any evidence regarding benefits Plaintiff has applied for, may receive, or has received from collateral sources. Plaintiff asserts that evidence of collateral source payments is inadmissable pursuant to the collateral source rule.

Defendant contends that collateral source evidence is admissible under Michigan law pursuant to M.C.L. § 600.6303. M.C.L. § 600.6303, Michigan's collateral source statute, provides, in pertinent part:

> (1) In a personal injury action in which the plaintiff seeks to recover for the expense of medical care, rehabilitation services, loss of earnings, loss of earning capacity, or other economic loss, evidence to establish that the expense or loss was paid or is payable, in whole or in part, by a collateral source ***shall be admissible to the court in which the action was brought*** <u>***after a verdict for the plaintiff and before a judgment is entered on the verdict.***</u> Subject to subsection (5), if the court determines that all or part of the plaintiff's expense or loss has been paid or is payable by a collateral source, the court shall reduce that portion of the judgment which represents damages paid or payable by a collateral source by an amount equal to the sum determined pursuant to subsection (2). This reduction shall not

> exceed the amount of the judgment for economic loss or that portion of the verdict which represents damages paid or payable by a collateral source.
>
> (4) As used in this section, "collateral source" means benefits received or receivable from an insurance policy; benefits payable pursuant to a contract with a health care corporation, dental care corporation, or health maintenance organization; employee benefits; social security benefits; worker's compensation benefits; or medicare benefits.

M.C.L. § 600.6303 (emphasis added).

While Defendant is correct in its assertion that evidence of collateral sources is admissible under Michigan law, § 600.6303(1) clearly and unambiguously states that, in a personal injury action, evidence of a collateral source is admissible "after a verdict for the plaintiff and before a judgement is entered on the verdict." *See Shivers v. Schmiege*, 285 Mich.App. 636, 654 (2009) (holding that after a verdict is rendered "[c]ollateral source payments can only be used to reduce corresponding amounts awarded for the same type of damages.").

Accordingly, the Court grants Plaintiff's motion to the extent that Defendant may not introduce evidence related to collateral source benefits prior to the jury's verdict on Defendant's liability. The Court also denies Plaintiff's motion to the extent that, if the jury enters a verdict in favor of Plaintiff, Defendant may introduce evidence of collateral source benefits before judgement is entered, pursuant to M.C.L. § 600.6303.

### D. Positive Test for Opiates at Hospital

Plaintiff states that, on the day of her accident, she was given the medications Fentanyl and morphine by medical personnel. Plaintiff was subsequently screened for drugs at the hospital and tested positive for opiates. Plaintiff seeks to preclude Defendant from making "any question, comment or argument regarding opiates" found in the toxicology report. (Plf's Br. at

3).  Plaintiff asserts that any reference to her positive test for opiates is irrelevant and should be denied pursuant to FED. R. EVID. 402.  Alternatively, Plaintiff contends that the probative value of any evidence of Plaintiff's positive test for opiates is outweighed by its prejudicial effect.

As stated on the record, the parties agree that evidence and testimony of Plaintiff's positive drug test is not admissible and Defendant agrees not to raise this issue at trial.  Accordingly, Plaintiff's motion to preclude any reference during trial of Plaintiff's positive test for opiates is dismissed as moot.

### E.  Prior Instances of the Remote Control Not Functioning Properly

Plaintiff seeks to exclude from evidence "[a]ny question, comment or argument regarding prior instances of the remote control not functioning properly" because "there is no evidence that the remote control was working improperly on the date of the injury."  (Plf's Br. at 3).  At the hearing on this matter, Plaintiff withdrew this motion.

## II.  Defendant's Motion In Limine Regarding Testimony, Argument and Evidence of *Michael Gerhardt v. Cattron-Theimeg*

On April 2, 2009, Michael and Debra Gerhardt filed a complaint in Kentucky state court against Cattron-Theimeg alleging product liability claims related to an alleged inadvertent activation of a Cattron remote control.  (Plf's Resp #3, Doc. No. 50, Ex. 1).  Plaintiff has included the complaint filed in *Gerhardt v. Cattron-Theimeg*, in her exhibit list.

Defendant seeks to exclude any testimony, argument, or evidence of the *Gerhardt* case.  Defendant asserts that evidence related to the *Gerhardt* case is irrelevant and prejudicial because the accident in the *Gerhardt* case occurred one-and-a-half years after the accident at issue in this case and the incidents are not substantially similar.  Moreover, because the *Gerhardt* accident occurred after the accident in this case, Defendant asserts that the *Gerhardt* case cannot be used

to establish notice of a defective design on the part of Defendant.

At the hearing on this matter, Plaintiff's counsel agreed that he would not move to admit the *Gerhardt* documents into evidence. Plaintiff, however, asserts that testimony regarding the *Gerhardt* complaint is relevant because it arises out of the same or similar circumstances as the accident in this case. The *Gerhardt* complaint alleges that the "paddle control arm that controlled the north movement of the crane was inadvertently engaged through contact with the table block assembly, thereby causing the overhead crane to move the table block assembly north, slamming and pinning Mr. Gerhardt against Furnace #5." (Plf's Resp. # 3 at 2). The *Gerhardt* complaint further alleges that "the subject controller was not equipped with adequate and proper guarding." *Id*.

Plaintiff alleges that evidence of the *Gerhardt* case is admissible to impeach the credibility of witness Robert Aiken, Defendant's corporate representative. Plaintiff states that the *Gerhardt* complaint was filed on April 2, 2009, but that Mr. Aiken testified on January 29, 2010 that he was not aware of any objects coming into contact with Vectran remote controls and causing injury, or of any lawsuits that have alleged to have occurred as a result.

Evidence of substantially similar incidents, as the Plaintiff here seeks to admit, is generally viewed on a case-by-case basis. *Croskey v. BMW of North America, Inc*., 532 F.3d 511, 514 (6th Cir. 2008). "[T]here is no blanket prohibition under Michigan or federal law against admitting such evidence on plaintiff's claims of design defect and negligence." *Id*.

Defendant directs the Court to the Michigan Supreme Court case *Fredericks v. General Motors*, 411 Mich. 712 (1981). In *Fredericks*, the plaintiff brought a product liability action against General Motors after he was injured while operating an unguarded die. Plaintiff

6

attempted to introduce evidence of accidents involving other General Motors dies that occurred after Plaintiff's accident. The court stated:

> The evidence offered by plaintiff to establish accidents involving other General Motors dies was not admissible to prove notice to defendant as they occurred after the accident in issue and were irrelevant to this action. The proffered proof of defendant's own writings and publications decrying the use of unguarded dies lacked sufficient foundation for admission as plaintiff's counsel was unable to relate them to the Fredericks occurrence or the testimony of defendant's safety engineer.

*Id*. at 720.

Defendant is correct in its assertion that Plaintiff may not introduce evidence of the *Gerhardt* case for the purposes of showing knowledge or notice of the alleged design defect on the part of Defendant. At the time of the Plaintiff's accident the *Gerhardt* incident had not yet occurred and Defendant could not have plausibly been on notice that the Vectran remote was defective.

Courts in the Sixth Circuit, however, have found that evidence of subsequent accidents is admissible to prove causation or existence of a dangerous condition. *Jackson v. Target Corp.*, 2001 WL 533600 (E.D. Mich. 2011) (Zatkoff, J.); *Bush v. Michelin Tire Corp.*, 963 F. Supp.1436, 1451 (W.D. Ky. 1996); *Lohr v. Stanley-Bostitch, Inc.*, 135 F.R.D. 162, 166 (W.D. Mich. 1991). In order to introduce this evidence, the party seeking admittance of the evidence has the burden of establishing the evidence's relevance. *Jackson*, 2001 WL 533600 at * 2. "To be admissible, such evidence must be substantially similar to the occurrence in question [so as to be relevant]" to the issue of causation. *Anderson v. Whittaker Corp.*, 894 F.2d 804, 813 (6th Cir. 1990).

In this case, if Plaintiff is seeking to introduce evidence of the *Gerhardt* case for the

7

purposes of causation, Plaintiff has the burden of showing that the accident is substantially similar to Plaintiff's accident. Here, Plaintiff alleges that while operating a crane to move a bundle of metal tubes, a chain landed on one of the gears of the remote control, causing it to drop the load of metal tubes on her leg. In support of its assertion that the two accidents are substantially the same, Plaintiff quotes the pleadings in *Gerhardt*, which state that the "paddle control arm that controlled the north movement of the crane was inadvertently engaged through contact with the table block assembly, thereby causing the overhead crane to move the table block assembly north, slamming and pinning Mr. Gerhardt against Furnace #5." (Plf's Resp. #3, Ex. 2).

With the information provided by Plaintiff, the Court finds that Plaintiff has not yet met her burden of proof in showing that the *Gerhardt* accident is substantially similar to her accident. First, Plaintiff admits that the remote control used in the *Gerhardt* incident is not the same as the remote control used by Plaintiff in this instant. While the remote control Plaintiff used on the day of her accident was produced by Vectron, the remote control used by Gerhardt was manufactured several years later by Cattron and was modified by Cattron to meet the purchaser's specifications. Furthermore, Plaintiff has failed to establish that Gerhardt was using the remote control in a same or similar manner as the Plaintiff in this case, or that Gerhardt was using the remote control in a same or similar environment as Plaintiff in this case. For these reasons, Plaintiff has not yet established that evidence or testimony of the *Gerhardt* accident are relevant and the Court shall preclude any testimony or evidence of the *Gerhardt* case for the purposes of causation or existence of a dangerous condition.

Alternatively, Plaintiff contends that evidence of the *Gerhardt* complaint should be

admissible for purposes of impeaching Mr. Aiken. During his January 29, 2010 deposition, Mr. Aiken testified as follows:

> Q: Have you been made aware of other injuries that have occurred because of Vectran remotes or other similar remotes?
> 
> ***
> 
> Q: Of objects coming into contact with the remotes and then causing some type of injury?
> A: I'm not aware of any. And I'm – I've been doing this work for quite some time, and I don't know of any situations like that.
> Q: Are you aware of any other lawsuits that have alleged that to have occurred?
> A: No.

(Aiken Dep., Doc. No. 59, Ex. 2 at 53-54). The complaint in the *Gerhardt* case was filed almost nine months before Plaintiff deposed Mr. Aiken. Plaintiff seeks to impeach Mr. Aiken on his knowledge of the earlier *Gerhardt* injury and lawsuit.

As stated above, Plaintiff has not shown that the *Gerhardt* accident is the same or substantially similar to the accident in this case, and thus, has not established the relevancy of the *Gerhardt* evidence. Therefore, with regard to Plaintiff's intent to use the *Gerhardt* case to impeach Mr. Aiken on cross-examination, the Court defers decision on the issue because the Court's decision depends on how the testimony develops. If Plaintiff seeks to introduce statements regarding the *Gerhardt* case for impeachment purposes, the Court will rule on any objections within the context of the questioning and testimony.

To summarize, the Court shall grant Defendant's motion in limine to the extent that Plaintiff is precluded from referencing any testimony, argument, or evidence related to the *Gerhardt* case for the purposes of establishing notice or knowledge on the part of the Defendant. Similarly, Plaintiff is precluded from referencing any testimony, argument, or evidence related to

the *Gerhardt* case for the purposes of establishing causation or existence of a dangerous condition.

The Court defers decision on Defendant's motion to the extent that Plaintiff seeks to introduce testimony, argument, or evidence relating to the *Gerhadt* case to impeach Mr. Aiken on cross-examination.

### III.    Defendant's Motion In Limine Regarding Cattron-Theimeg Documents

Defendant seeks to preclude from evidence two exhibits from Plaintiff's Exhibit List submitted with the December 28, 2010 Joint Pretrial Statement.  These exhibits, documents which are titled "Cattron-Theimeg Familiarization and Operating Instructions" and "Cattron-Theimeg Paddle Controller Operation and Maintenance Instructions," were obtained by Plaintiff's counsel from a response to interrogatories in the *Gerhardt* litigation, discussed in Part II, above.

Defendant alleges that these documents should be excluded under FED. R. EVID. 402, because they are irrelevant to any issues involved in this lawsuit.  The documents at issue in Defendant's motion relate to operating instructions for the Cattron remote at issue in the *Gerhardt* case.  As previously stated, the remote at issue in this case was manufactured by Vectran, and remote in the *Gerhardt* case was manufactured by Cattron a number of years after the Vectran remote was manufactured.  At oral argument, Plaintiff's counsel acknowledged that the two remotes are different models.

Nonetheless, Plaintiff contends that these exhibits are relevant to this case because they pertain to the "operation and function of Vectran remotes."  Plaintiff, however, has failed to establish that the Vectran remote in this case and the Cattron remote in the *Garhardt* case are the

same or substantially similar so as to utilize the same operation and maintenance instructions. For the same reasons discussed in Part II, above, Plaintiff has not presented the Court with sufficient evidence to establish the relevancy of these documents.

Accordingly, the Court grants Defendant's motion in limine to exclude these exhibits pursuant to FED. R. EVID. 402.

### IV.  Defendant's Motion In Limine Regarding the Testimony of Plaintiff's Purported Expert, Kenneth Blundell

Defendant also requests this Court strike the testimony of Plaintiff's expert, Dr. Kenneth Blundell.  Defendant's motion, which consists of one page, and is not clear on what basis Defendant seeks to preclude Dr. Blundell's testimony.  The only authority provided by Defendant in this motion is case law that is offered in an attempt to re-hash arguments that Defendant made in its motion for summary judgment.  Defendant asserts that Dr. Blundell is not qualified to give an opinion in this case because he has never "examined a Vectran remote control box as the one allegedly involved in this case." (Def's Mtn., Doc. No. 37 at 2).

Additionally, at oral argument on the morning of trial, Defendant asserts for the first time that Plaintiff's Rule 26 disclosures were inadequate.  Plaintiff's motion, however, makes no indication that Defendant did not receive Rule 26 disclosures from Plaintiff.  Plaintiff's Rule 26 disclosures regarding Dr. Blundell included Dr. Blundell's report, which discussed the safety defects in Defendant's product and concluded that Defendant's product was unreasonably dangerous.  Additionally, Defendant received an affidavit from Dr. Blundell describing his alternative reasonable design and concluding that his alternative design was available, practicable, and would have prevented Plaintiff's injury.  Furthermore, the affidavit stated that the severity and likelihood of the type of injury suffered by Plaintiff was foreseeable from the

11

inadvertent application of an industrial overhead crane.

This Court already addressed these issues in its December 2, 2010 Opinion & Order. In that opinion, this Court held that, in viewing Dr. Blundell's opinions in the light most favorable to the Plaintiff, Plaintiff sufficiently established a *prima facie* case for negligent design. Defendant had the opportunity to depose Dr. Blundell to fully explore his opinions and the basis for those opinions, but consciously chose not to do so.

Accordingly, the Court denies without prejudice Defendant's Motion in Limine Regarding Testimony of Plaintiff's Expert, Kenneth Blundell.

## CONCLUSION

For the reasons stated above, IT IS ORDERED THAT Plaintiff's motion in limine regarding any question, comment, or argument regarding "secondary gain," "symptom magnification," and "malingering is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's motion in limine regarding any comments or statements of other injuries is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's motion in limine regarding any reference to collateral sources is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's motion in limine regarding any question or comment about Plaintiff's positive test for opiates at the hospital is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that Defendant's motion in limine regarding testimony, argument and evidence of *Michael Gerhardt v. Cattron-Theimeg* is GRANTED IN PART. The Court shall DEFER DECISION as to Plaintiff's use of testimony and evidence related to *Michael Gerhardt v. Cattron-Theimeg* for the purposes of impeachment.

IT IS FURTHER ORDERED that Defendant's motion in limine regarding Cattron-Theimeg documents is GRANTED.

IT IS FURTHER ORDERED that defendant's motion in limine regarding the testimony of Plaintiff's expert, Kenneth Blundell is DENIED WITHOUT PREJUDICE .

IT IS SO ORDERED.

                                                      S/Sean F. Cox
                                                      SEAN F. COX
                                                      UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2011, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager