UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cheryl Prasol,

    Plaintiff,                                         Case No. 09-10248

v.                                                    Honorable Sean F. Cox

Cattron-Theimeg, Inc., *et al.*

    Defendants.
_____/

## OPINION & ORDER REGARDING MOTIONS IN LIMINE

Plaintiff Cheryl Prasol ("Plaintiff") brought this product liability action against Defendants for an injury allegedly caused by the defective design of a crane remote control. Defendants are Cattron-Theimeg, Inc. ("Cattron") and other related manufacturers of remote controls for the operation of overhead cranes (together, "Defendants"). The first trial on this matter concluded in a mistrial and, as a result, a second trial is set to begin on September 7, 2011. The matter is currently before the Court on Plaintiff's motions in limine (Doc. No. 86) and Defendants' motions in limine (Doc. Nos. 92, 93, 94). The Court heard oral arguments on these motions on September 6, 2011. For the reasons set forth below, the Court shall:

- Grant Plaintiff's motion in limine regarding any questions, comment, or argument regarding "secondary gain," "symptom magnification," and "malingering;"

- Grant Plaintiff's motion in limine regarding any comments or statements of other injuries;

- Grant in part, and deny in part, Plaintiff's motion in limine regarding any reference to collateral sources;

- Grant Plaintiff's motion in limine regarding any question or comment about Plaintiff's positive test for opiates at the hospital;

1

- Grant in part, and deny in part, Defendants' Motion In Limine Regarding Testimony, Argument and Evidence of *Michael Gerhardt v. Cattron-Theimeg*;

- Grant Defendants' Motion In Limine Regarding Cattron-Theimeg Documents; and

- Deny Defendants' Motion In Limine Regarding the Testimony of Plaintiff's Purported Expert, Kenneth Blundell.

**I.     Plaintiff's Motions In Limine**

   **A.     Secondary Gain/Malingering**

Plaintiff seeks to exclude questions, comments, statements or arguments about "secondary gain," "symptom magnification," and "malingering." Plaintiff asserts that no medical opinion exists to establish a foundation or causal link for any such testimony, and that such testimony is irrelevant for the purposes of determining the extent of Plaintiffs' injuries. Plaintiff further states that "[s]tatements about unidentified people with unidentified injuries and complaints are irrelevant to prove the nature and extent of Plaintiff's injuries."

As stated on the record, Defendants agree not to introduce evidence or illicit statements regarding "secondary gain," "symptom magnification," and "malingering." Accordingly, Plaintiff's Motion in Limine, to the extent that it relates to questions, comments, statements or arguments about "secondary gain," "symptom magnification," and "malingering," is granted.

   **B.     Other Injuries**

Plaintiff seeks to preclude any "comment, statement, innuendo, argument or other implication that Plaintiff injured her back and lower extremities anywhere other than work on November 16, 2006." (Plf's Br. at 2).

As stated on the record, Defendants agree not to introduce evidence or illicit statements regarding any of Plaintiff's injuries that are unrelated to Plaintiff's November 16, 2006 accident.

Accordingly, Plaintiff's Motion in Limine regarding statements or comments of injuries Plaintiff may have endured anywhere other than work on November 16, 2006, is granted.

    **C.    Collateral Sources**

Plaintiff is currently receiving, or has applied for, benefits from collateral sources, such as workers compensation benefits, and disability benefits through the United States Railroad Retirement Board and/or Social Security Administration. Plaintiff seeks to exclude any evidence regarding benefits Plaintiff has applied for, may receive, or has received from collateral sources. Specifically, Plaintiff seeks to exclude evidence of benefits from the United States Railroad Retirement Board or the Social Security Administration. Plaintiff asserts that evidence of collateral source payments is inadmissable pursuant to the collateral source rule.

Although Defendants have not responded to Plaintiff's motion in limine regarding collateral sources, Defendants previously contended that collateral source evidence is admissible under Michigan law pursuant to M.C.L. § 600.6303. In the first trial on this matter, the Court partially rejected that argument.

M.C.L. § 600.6303, Michigan's collateral source statute, provides, in pertinent part:

> (1) In a personal injury action in which the plaintiff seeks to recover for the expense of medical care, rehabilitation services, loss of earnings, loss of earning capacity, or other economic loss, evidence to establish that the expense or loss was paid or is payable, in whole or in part, by a collateral source ***shall be admissible to the court in which the action was brought <u>after a verdict for the plaintiff</u> and before a judgment is entered on the verdict.*** Subject to subsection (5), if the court determines that all or part of the plaintiff's expense or loss has been paid or is payable by a collateral source, the court shall reduce that portion of the judgment which represents damages paid or payable by a collateral source by an amount equal to the sum determined pursuant to subsection (2). This reduction shall not exceed the amount of the judgment for economic loss or that portion of the verdict which represents damages paid or payable by a

>   collateral source.
>
>   (4) As used in this section, "collateral source" means benefits received or receivable from an insurance policy; benefits payable pursuant to a contract with a health care corporation, dental care corporation, or health maintenance organization; employee benefits; social security benefits; worker's compensation benefits; or medicare benefits.

M.C.L. § 600.6303 (emphasis added).

While Defendants are correct in their assertion that evidence of collateral sources is admissible under Michigan law, § 600.6303(1) clearly and unambiguously states that, in a personal injury action, evidence of a collateral source is admissible "after a verdict for the plaintiff and before a judgement is entered on the verdict." *See Shivers v. Schmiege*, 285 Mich.App. 636, 654 (2009) (holding that after a verdict is rendered "[c]ollateral source payments can only be used to reduce corresponding amounts awarded for the same type of damages.").

Accordingly, the Court grants Plaintiff's motion to the extent that Defendants may not introduce evidence related to collateral source benefits prior to the jury's verdict on Defendants' liability. The Court also denies Plaintiff's motion to the extent that, if the jury enters a verdict in favor of Plaintiff, Defendants may introduce evidence of collateral source benefits before judgement is entered, pursuant to M.C.L. § 600.6303.

### D.    Positive Test for Opiates at Hospital

Plaintiff states that, on the day of her accident, she was given the medications Fentanyl and morphine by medical personnel. Plaintiff was subsequently screened for drugs at the hospital and tested positive for opiates. Plaintiff seeks to preclude Defendants from making "any question, comment or argument regarding opiates" found in the toxicology report. (Plf's Br. at 3). Plaintiff asserts that any reference to her positive test for opiates is irrelevant and

should be denied pursuant to FED. R. EVID. 402. Alternatively, Plaintiff contends that the probative value of any evidence of Plaintiff's positive test for opiates is outweighed by its prejudicial effect.

As stated on the record, the parties agree that evidence and testimony of Plaintiff's positive drug test is not admissible and Defendants agree not to raise this issue at trial. Accordingly, Plaintiff's motion to preclude any reference during trial of Plaintiff's positive test for opiates is granted.

## II. Defendants' Motion In Limine Regarding Testimony, Argument and Evidence of *Michael Gerhardt v. Cattron-Theimeg*

On April 2, 2009, Plaintiffs Michael and Debra Gerhardt filed a complaint in Kentucky state court against Cattron, alleging product liability claims related to an alleged inadvertent activation of a Cattron remote control. (Plf's Resp #3, Doc. No. 50, Ex. 1).

Defendants seek to exclude from evidence any testimony, argument, or evidence of the *Gerhardt* case. Defendants assert that evidence related to the *Gerhardt* case is irrelevant and prejudicial because the accident in the *Gerhardt* case occurred one-and-a-half years after the accident at issue in this case and the incidents are not substantially similar. Moreover, because the *Gerhardt* accident occurred after the accident in this case, Defendants assert that the *Gerhardt* case cannot be used to establish notice of a defective design on the part of Defendants.

Although Plaintiff did not respond to Defendants' motion, Plaintiff's counsel stated at the September 6, 2011 hearing that Plaintiff will rely on her response filed before first trial on this matter. Previously, Plaintiff's counsel agreed that he would not move to admit the *Gerhardt* documents into evidence. Plaintiff, however, asserted that testimony regarding the *Gerhardt* complaint is relevant because it arises out of the same or similar circumstances as the accident in

this case. The *Gerhardt* complaint alleges that the "paddle control arm that controlled the north movement of the crane was inadvertently engaged through contact with the table block assembly, thereby causing the overhead crane to move the table block assembly north, slamming and pinning Mr. Gerhardt against Furnace #5." (Plf's Resp. # 3 at 2). The *Gerhardt* complaint further alleges that "the subject controller was not equipped with adequate and proper guarding." *Id*.

Plaintiff alleged that evidence of the *Gerhardt* case is admissible to impeach the credibility of witness Robert Aiken, Defendants' corporate representative. Plaintiff stated that the *Gerhardt* complaint was filed on April 2, 2009, but that Mr. Aiken testified on January 29, 2010, that he was not aware of any objects coming into contact with Vectran remote controls and causing injury, or of any lawsuits that have alleged to have occurred as a result.

Evidence of substantially similar incidents, as the Plaintiff seeks to admit, is generally viewed on a case-by-case basis. *Croskey v. BMW of North America, Inc.*, 532 F.3d 511, 514 (6th Cir. 2008). "[T]here is no blanket prohibition under Michigan or federal law against admitting such evidence on plaintiff's claims of design defect and negligence." *Id*.

Defendants direct the Court to the Michigan Supreme Court case *Fredericks v. General Motors*, 411 Mich. 712 (1981). In *Fredericks*, the plaintiff brought a product liability action against General Motors after he was injured while operating an unguarded die. The plaintiff attempted to introduce evidence of accidents involving other General Motors dies that occurred after the plaintiff's accident. In that case, the court stated:

> The evidence offered by plaintiff to establish accidents involving other General Motors dies was not admissible to prove notice to defendant as they occurred after the accident in issue and were irrelevant to this action. The proffered proof of defendant's own

6

> writings and publications decrying the use of unguarded dies lacked
> sufficient foundation for admission as plaintiff's counsel was unable
> to relate them to the Fredericks occurrence or the testimony of
> defendant's safety engineer.

*Id.* at 720.

Here, Defendants are correct in their assertion that Plaintiff may not introduce evidence of the *Gerhardt* case for the purposes of showing knowledge or notice of the alleged design defect on the part of Defendants. At the time of Plaintiff's accident, the *Gerhardt* incident had not yet occurred and Defendant could not have plausibly been on notice that the Vectran remote was defective.

Courts in the Sixth Circuit, however, have found that evidence of subsequent accidents is admissible to prove causation or existence of a dangerous condition. *Jackson v. Target Corp.*, 2001 WL 533600 (E.D. Mich. 2011) (Zatkoff, J.); *Bush v. Michelin Tire Corp.*, 963 F. Supp.1436, 1451 (W.D. Ky. 1996); *Lohr v. Stanley-Bostitch, Inc.*, 135 F.R.D. 162, 166 (W.D. Mich. 1991). In order to introduce this evidence, the party seeking admittance of the evidence has the burden of establishing the evidence's relevance. *Jackson*, 2001 WL 533600 at * 2. "To be admissible, such evidence must be substantially similar to the occurrence in question [so as to be relevant]" to the issue of causation. *Anderson v. Whittaker Corp.*, 894 F.2d 804, 813 (6th Cir. 1990).

In this case, if Plaintiff is seeking to introduce evidence of the *Gerhardt* case for the purposes of causation, Plaintiff has the burden of showing that the accident is substantially similar to Plaintiff's accident. Here, Plaintiff previously alleged that while operating a crane to move a bundle of metal tubes, a chain landed on one of the gears of the remote control, causing it to drop the load of metal tubes on her leg. In support of her assertion that the two accidents are

substantially the same, Plaintiff quoted the pleadings in *Gerhardt*, which state that the "paddle control arm that controlled the north movement of the crane was inadvertently engaged through contact with the table block assembly, thereby causing the overhead crane to move the table block assembly north, slamming and pinning Mr. Gerhardt against Furnace #5." (Plf's Resp. #3, Ex. 2).

With the information previously provided by Plaintiff, the Court finds that Plaintiff has not met her burden of showing that the *Gerhardt* accident is substantially similar to her accident. First, Plaintiff admitted that the remote control used in the *Gerhardt* incident is not the same as the remote control used by Plaintiff at the time of her accident. While the remote control Plaintiff used on the day of her accident was produced by Vectron, the remote control used by Gerhardt was manufactured several years later by Cattron and was modified by Cattron to meet the purchaser's specifications. Furthermore, Plaintiff has failed to establish that Gerhardt was using the remote control in a same or similar manner as the Plaintiff in this case, or that Gerhardt was using the remote control in a same or similar environment as Plaintiff in this case. For these reasons, Plaintiff has not established that evidence or testimony of the *Gerhardt* accident are relevant and the Court shall preclude any testimony or evidence of the *Gerhardt* case for the purposes of causation or existence of a dangerous condition.

Alternatively, Plaintiff previously contended that evidence of the *Gerhardt* complaint should be admissible for purposes of impeaching Mr. Aiken. During his January 29, 2010 deposition, Mr. Aiken testified as follows:

> Q: Have you been made aware of other injuries that have occurred because of Vectran remotes or other similar remotes?
>
> ***

8

> Q: Of objects coming into contact with the remotes and then causing some type of injury?
> A: I'm not aware of any. And I'm – I've been doing this work for quite some time, and I don't know of any situations like that.
> Q: Are you aware of any other lawsuits that have alleged that to have occurred?
> A: No.

(Aiken Dep., Doc. No. 59, Ex. 2 at 53-54). The complaint in the *Gerhardt* case was filed almost nine months before Plaintiff deposed Mr. Aiken. Plaintiff seeks to impeach Mr. Aiken on his knowledge of the earlier *Gerhardt* injury and lawsuit.

As stated above, Plaintiff has not shown that the *Gerhardt* accident is the same or substantially similar to the accident in this case, and thus, has not established the relevancy of the *Gerhardt* evidence. Therefore, with regard to Plaintiff's intent to use the *Gerhardt* case to impeach Mr. Aiken on cross-examination, the Court defers decision on the issue because the Court's decision depends on how the testimony develops. If Plaintiff seeks to introduce statements regarding the *Gerhardt* case for impeachment purposes, the Court will rule on any objections within the context of the questioning and testimony.

To summarize, the Court shall grant Defendants' motion in limine to the extent that Plaintiff is precluded from referencing any testimony, argument, or evidence related to the *Gerhardt* case for the purposes of establishing notice or knowledge on the part of the Defendant. Similarly, Plaintiff is precluded from referencing any testimony, argument, or evidence related to the *Gerhardt* case for the purposes of establishing causation or existence of a dangerous condition. Finally, the Court defers decision on Defendants' motion to the extent that Plaintiff seeks to introduce testimony, argument, or evidence relating to the *Gerhadt* case to impeach Mr. Aiken on cross-examination.

### III.     Defendants' Motion In Limine Regarding Cattron-Theimeg Documents

Defendants seek to preclude from evidence two exhibits from Plaintiff's Exhibit List submitted with the December 28, 2010 Joint Pretrial Statement.  These exhibits, documents which are titled "Cattron-Theimeg Familiarization and Operating Instructions" and "Cattron-Theimeg Paddle Controller Operation and Maintenance Instructions," were obtained by Plaintiff's counsel from a response to interrogatories in the *Gerhardt* litigation, discussed in Part II, above.

Defendants allege that these documents should be excluded under FED. R. EVID. 402, because they are irrelevant to any issues involved in this lawsuit.  The documents at issue in Defendants' motion relate to operating instructions for the Cattron remote at issue in the *Gerhardt* case.  As previously stated, the remote at issue in this case was manufactured by Vectran, and remote in the *Gerhardt* case was manufactured by Cattron a number of years after the Vectran remote was manufactured.

At the hearing on this motion, Plaintiff's counsel stated that he would rely on his previous brief in response to Defendants' motion.  Plaintiff previously contended that these exhibits are relevant to this case because they pertain to the "operation and function of Vectran remotes."  Plaintiff, however, has failed to establish that the Vectran remote in this case and the Cattron remote in the *Garhardt* case are the same or substantially similar so as to utilize the same operation and maintenance instructions.  For the same reasons discussed in Part II, above, Plaintiff has not presented the Court with sufficient evidence to establish the relevancy of these documents.

Accordingly, the Court grants Defendants' motion in limine to exclude these exhibits

pursuant to FED. R. EVID. 402.

### IV.  Defendants' Motion In Limine Regarding the Testimony of Plaintiff's Purported Expert, Kenneth Blundell

Defendants also request this Court to strike the testimony of Plaintiff's expert, Dr. Kenneth Blundell, and preclude Dr. Blundell from testifying at trial.  This issue was addressed in Defendants' motion for judgment as a matter of law, filed pursuant to Fed. R. Civ. P 50(b) on July 29, 2011 (Doc. No. 74), and Defendants rely on the arguments therein.  The Court denied Defendants' Rule 50(b) motion on August 31, 2011.  (Doc. No. 95).

Defendants assert that Dr. Blundell should be precluding from testifying because Dr. Blundell has never examined a Vectran remote control like the one utilized by Plaintiff during her accident.  Defendants also assert that Plaintiff's expert has never presented an alternative design, and therefore Dr. Blundell is not qualified to give any opinion in this case..

For the same reasons stated in the Court's August 31, 2011 Opinion & Order Denying Defendants' Motion for Judgment as a Matter of Law, the Court denies Defendants' Motion in Limine Regarding Testimony of Plaintiff's Expert, Kenneth Blundell.

### CONCLUSION

For the reasons stated above, IT IS ORDERED THAT Plaintiff's motion in limine regarding any question, comment, or argument regarding "secondary gain," "symptom magnification," and "malingering is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion in limine regarding any comments or statements of other injuries is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion in limine regarding any reference to collateral sources is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's motion in limine regarding any question or comment about Plaintiff's positive test for opiates at the hospital is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion in limine regarding testimony, argument and evidence of *Michael Gerhardt v. Cattron-Theimeg* is GRANTED IN PART.  The Court shall DEFER DECISION as to Plaintiff's use of testimony and evidence related to *Michael Gerhardt v. Cattron-Theimeg* for the purposes of impeachment.

IT IS FURTHER ORDERED that Defendants' motion in limine regarding Cattron-Theimeg documents is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion in limine regarding the testimony of Plaintiff's expert, Kenneth Blundell is DENIED.

IT IS SO ORDERED.

      S/Sean F. Cox  
      SEAN F. COX  
      UNITED STATES DISTRICT JUDGE

Dated:  September 6, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 6, 2011, by electronic and/or ordinary mail.

      S/Jennifer Hernandez  
      Case Manager